ALBANY,
February, 1809.

Kip's Adm'rs
v.
Deniston.

</div>

E. and C. KIP, Adm'rs of S. KIP, *against* D. DENISTON.

THIS was an action for *money had and received*, brought against the defendant, as survivor of *Isaac Van Vleck*, to recover the intestate's proportion of monies raised by the sales of certain lands, and alleged to have been received by the defendant and *Van Vleck*, *under an authority vested* in them, and two other persons, under the following circumstances:

By an indenture, dated the 6th *January*, 1795, to which the intestate, the defendant, and others, were parties, it was agreed, that the parties were entitled to lands therein mentioned, (of which the lands, by the sale of which the money in question was raised, were parcel,) in the proportions specified, and among others, that the intestate and three other persons were entitled to two eighth parts as tenants in common, and in particular the intestate, to one-sixth of the two-eighths; that by the deed the parties agreed

<div align="right">

Where two trustees for the sale of an estate joined in a conveyance, and both acknowledged the receipt of the consideration money, but the money went into the hands of one of the trustees, it was held, that the other was not answerable for the money so received by his co-trustee, and misapplied.

</div>

that partition should be made, and that the two eighth parts, when ascertained, should be sold, and the money distributed according to their interests; and for that purpose the defendant and *Isaac Van Vleck*, and *H. H. Kip* and *S. Breese*, all parties to the deed, and interested in the two-eighths, *or any two of them*, were by the deed empowered to make the sales and to pay the monies into one of the banks for distribution.

All the parties to the deed derived title from *Sarah Kiersted*, and the intestate from *Catharine* his mother.

A partition of the lands was made according to the agreement. Two sales were made by the persons authorised, of the parts wherein the intestate was interested. The proceeds of the first sale were distributed, and the intestate received his share. The second sale took place on the 17th *June*, 1800, after the death of *H. H. Kip* and *S. Breese*, but in the life-time of the defendant and *Isaac Van Vleck*, and was made by them as survivors, and the intestate's share of the proceeds amounted to 343 dollars. The defendant joined in the sales and conveyances, in which the consideration money was acknowledged. The money raised by the second sale was not deposited in the banks, but *went into the hands of Isaac Van Vleck*. The defendant never received any part of it, unless the receipt in the conveyances is to be considered, in law, as a receipt by the defendant, or by him and *Van Vleck*. The share of the intestate was never paid to him or the plaintiffs. *Van Vleck* died before the commencement of this suit.

The intestate's share of the monies raised by the second sale was withheld, in consequence of a claim to it by *Abraham S. Van Vleck*, one of the parties to the deed of *January*, 1795; and the defence set up was, that the right of the intestate descended from his mother *Catharine*, who was the wife of *Jacobus Kip*; and that *Jacobus* and his wife, on the 1st of *September*, 1736, by a deed-poll, discovered since the execution of the deed of 6th *January*, 1795, had sold the share of *Catharine* to *Abraham Van Vleck*, father of *Abraham S. Van Vleck*, in fee. This deed of 1736 was of-

fered in evidence, but it did not appear to have been acknowledged or proved. It was objected to, but admitted, reserving the exception. It purported to be a bargain and sale of the share of *Catharine* in the lands comprised in the deed of *January*, 1795, to the said *Abraham Van Vleck* in fee, for the consideration of 23*l.* It did not appear that *Abraham Van Vleck*, was in possession at the date of the deed, or at any time after; but at the date of the deed he was seised of one-sixth of the same lands ; and he, with *Jacobus Kip* and *Catharine* his wife, in right of *Catharine,* and several others, were tenants in common thereof. There was no adverse possession to that of the tenants in common ; but the premises were in the actual possession of the corporation of *New-York*, or of others, not holding under *Abraham Van Vleck*, or any of the tenants in common, nor claiming adversely to them, and so they continued until *January,* 1795.

The Jury gave a verdict for the plaintiffs for 487 dollars, subject to the opinion of the court on the above case.

The following points were stated, and submitted to the court, without argument :

The plaintiffs contend,

1. That the receipt of the money, as stated, was in law the receipt of both the defendant and *Van Vleck*, though, by consent of the defendant, it went into the hands of *Van Vleck.*

2. That the defendant was bound to see the money paid to one of the banks for distribution.

3. That the intestate's share is recoverable in this action.

4. That the deed of 1736 was not admissible, because not proved, and because the deed of 6th *January*, 1795, concluded the defendant and *Abraham S. Van Vleck*, as to the interest of the intestate in the premises.

5. That the deed of the 6th *January*, 1795, concludes the parties as to the rights designated therein, and estops them from setting up any title inconsistent with it.

The defendant contends,

That the plaintiffs cannot recover in the equitable action for money had and received, but must resort (if he can recover at all) to an action of covenant upon the indenture of 6th *January*, 1795.

*Per Curiam.* There is no pretence to charge the defendant in this case. His counsel, by the points which they have raised and submitted to the court, have properly omitted to urge, as a ground of defence, the deed of 1736. The indenture of 1795 concludes the parties from setting up any right under that old dormant deed, if it was (and which we do not admit) admissible in evidence as an ancient deed without proof. But the true and solid ground of defence is, that if two trustees for the sale of an estate join in the conveyance, and that conveyance includes a receipt for the consideration money, one trustee is not answerable for the money which goes into the hands of the other, and is by him misapplied. Their joining in the conveyance and receipt was necessary. This point is abundantly settled by the authorities. (*Cro. Car.* 312. 1 *Eq. Ca. Abr.* 398. 1 *Atk.* 89. 3 *Atk.* 583. 2 *Vern.* 515. *Amb.* 218. *Prec. in Chanc.* 173. 4 *Ves.* jun. 596.) The defendant is therefore entitled to judgment.

Judgment for the defendant.