VELIE AND ANOTHER, *surviving executors of* BALTUS VELIE, *against* MYERS, *impleaded with* WEEKS AND CARMAN.

Where a person charged in execution conveys land in trust to be disposed of for the payment of a debt, with the privity and consent of the creditor, such conveyance is good within the 12th section of the act *concerning judgments and executions,* 1 *R. L.* 504

To a *scire facias* against the heirs and terre-tenants of a defendant who had died charged in execution, the defendant who was in possession of land which was of the original defendant at the time of docketing the judgment against him, pleaded, that A., the original defendant, being indebted to him in the sum of 1000 dollars, and to other persons in smaller sums, with the privity and consent of the defendant and his other creditors, conveyed the land in question to B. and C. in trust to pay the debt of the defendant, and apply the surplus in payment of the other debts ; that the land was not of sufficient value to pay the defendant's debt, but that he consented to accept a conveyance of the same in payment and satisfaction of his debt, and that the same was conveyed to and accepted by him in payment and satisfaction ; this was held a good plea under the 12th section of the act *concerning judgments and executions,* and that it was unnecessary to set forth who were the other creditors of A., or what was the amount of their debts.

THE plaintiffs, and other persons since deceased, having, as executors of *Baltus Velie,* recovered a judgment against *Isaac Weeks,* since deceased, in this court, on the 18th of *August,* 1800, for 417 dollars and 24 cents, issued a *scire facias,* tested in *January* term, 1815, against the heirs and terre-tenants of *Weeks,* by virtue of which *Myers* was summoned as terre-tenant of a house and lot in *Poughkeepsie,* the land and tenement of *Weeks,* on the day of docketing the judgment, and appeared and pleaded ; and *Weeks* and *Carman,* who were summoned as heirs, made default.

*Myers,* in his plea, stated, that on the 16th of *February,* 1802, *Weeks* was charged in execution on the judgment against him, and was committed to the keeper of the gaol in *Poughkeepsie,* in *Dutchess* county, where he was detained until the time of his death, which happened on the 31st of *July,* 1814 ; and that on the 30th of *July,* 1814, he was justly indebted to the defendant for board, washing, and house-rent, which he had before that

time, at his own request, received of the defendant, in the sum of 1000 dollars, which then remained due ; and that he was also indebted to sundry persons other than the plaintiffs and the defendant, in smaller sums, whose debts against him then remained unpaid : that on the same day, *Weeks,* with the privity and consent of the defendant, and his other creditors to whom he was indebted in small sums, sold and conveyed the house and lot before mentioned, for the payment of the defendant and his other creditors, and particularly for the payment of the defendant ; that the sale was *bona fide ;* and that, for the purpose of making these payments, *Weeks,* on the same day, by deed of bargain and sale, bearing date on that day, conveyed, in fee simple, to the defendants, *Solomon Weeks* and *R. Carman,* the said house and lot, and that this sale was made for the express purpose and trust of having the same sold and disposed of by them, for the payment of the defendant the debt due to him, and that if a surplus should remain, it should be applied in payment of other debts, to persons other than the plaintiffs ; that the house and lot were not of sufficient value to pay the defendant, and could not be disposed of for a sum sufficient for that purpose : that the defendants, *Weeks* and *Carman,* finding the value of the house and lot to be less than the sum due to the defendant *Myers,* but that he would consent to take a conveyance of the same in satisfaction of his debt, *Weeks* having no other property out of which it could be paid, they, on the 20th of *August,* 1814, in pursuance of the purpose for which the house and lot had been conveyed to them, and for the payment of the said debt, by a deed of bargain and sale, on that day, conveyed the same to the defendant in fee simple, in payment and satisfaction of his debt, who received the conveyance in payment and satisfaction of the same accordingly, and is now seised and possessed of the same under that sale and conveyance.

To this plea the plaintiff demurred, and assigned for special causes of demurrer, 1. That the plea did not set forth the names of the persons other than the defendant *Myers,* to whom *Isaac Weeks* was indebted, nor the amount of the said debts respectively. 2. That it tendered several and distinct issues, upon several and distinct facts, all material in the case. 3. That the averment in the plea, that the premises in question were sold and conveyed for the purpose of paying the defendant and the other creditors of *Weeks,* is too uncertain for the plaintiffs to take

NEW-YORK, any issue thereon.    4. That the plea is double, and wants form.
May, 1817      The defendant joined in demurrer.

VELIE
v.
MYERS,          *Oakley*, in support of the demurrer, contended, that the sale
to *Weeks* and *Carman* was void under the statute of frauds, and
the trust intended to be created by that conveyance was inca-
pable of being enforced.    The case did not come within
the clause of the twelfth section of the act concerning judgments
4 Sess. 36. ch. and executions.*    It certainly did not come within the letter of
50. 1 N. R. L.
500. 504.      the act, and many evils would result, if the court should go be-
yond the letter, and extend it, by any liberal construction.    The
property in question was not exonerated from the judgment of
the plaintiffs at the time of *Weeks'* death.    The legal estate was
in trustees, and the trust not then executed.    To give to the
statute so broad a construction as to embrace this case, would
open the door to fraud.

                Bloom, contra,    The statute has altered the common law in
this respect.    By the common law, a *ca. sa.* was the highest sa-
tisfaction in law, and after the person of the debtor was charged
† Hob. 52.     in execution, his property could not be taken.†    No decisions
6 Term Rep. 525.
of the *English* courts on a similar clause in the statute of 21 *Jac.*
I. c. 24. from which our act was taken, are to be found; but the
intent of the act is manifest, and this case, if not within the words,
is clearly within the intention of the statute.

                THOMPSON, Ch. J. delivered the opinion of the court.    This
case comes before the court on a demurrer to the plea to a *scire
facias* to revive a judgment against *Isaac Weeks*.    The plea is
founded upon the twelfth section of the act concerning judgments
and executions, (1 *N. R. L.* 504,) and contains, substantially,
every necessary allegation to bring the defendant within the
statute, and protect the sale made by *Weeks* whilst a prisoner in
execution.    Some of the matters set forth in the plea are mere
inducement.    The substance of it, however, is, that the lands
sought to be charged in execution had been *bona fide* sold by
*Weeks* for the payment of debts due from him to some of his
creditors, and that this was done with the privity and consent of
*Myers*, the creditor, and in discharge of his debt.
        It is no objection to the sale made by *Weeks*, that it was in
trust for the payment of *Myers* and his other creditors.    The

act only requires that the sale should be *bona fide* for the payment of his creditors, and the money paid or secured to be paid to creditors, with their privity and consent. I do not see how this can be considered a void trust, if the deed was, upon its face, an absolute deed. The consideration was to be paid to *Myers*, the creditor, and he could have sustained an action for the same. An action of *assumpsit* will lie for land sold and conveyed. The conveyance is a good consideration for the promise ; and if the trust was expressed in the deed, it could be enforced in a court of chancery. But all objection on this ground is removed, as, from the facts set forth in the plea, the trust has been executed, and a discharge given by *Myers* of his debt against *Weeks*. Although the plea contains many facts, yet they are facts leading to, and establishing the single point, that the sale was made *bona fide* for the payment of the creditors of *Weeks*. The plea is, therefore, good in substance.

The special causes of demurrer are not well founded. The only one that has the appearance of plausibility, is, that the names of the other persons, beside *Myers*, to whom *Weeks* was indebted, and the amount of the debts respectively, are not set forth in the plea. But it must be recollected, that the plea states that the sale was made particularly and specially for the payment of *Myers'* debt, and the surplus only to be paid to other creditors ; and that the value of the land so conveyed was insufficient to pay and satisfy the debt due to *Myers*. It was, therefore, immaterial who the other creditors were, or what was the amount of their debts. We are, accordingly, of opinion, that the defendant is entitled to judgment on the demurrer.

Judgment for the defendant.