## ELEUTHERE IRENEE DU PONT, JACQUES BIDERMAN and BUREAU DE PUSY v. PETER BAUDUY.

Court of Chancery. New Castle. September 3, 1821.

*Ridgely's Notebook III, 465.*

*McLane* for defendant. 1 Harr.Ch.Pr. 205.

*Mr. Rodney,* for plaintiff, cites and reads 2 P.Wms. 536, *Hawkins v. Croker.* 2 Atk. 21, *Davis v. Davis.* After goods or a real estate are seized upon by a sequestrator for want of an answer, the plaintiff may still proceed to a decree · *pro confesso.* Taking a bill *pro confesso,* analogous to taking a declaration to

---

be true at law. When there is an amended bill, and no answer, plaintiff is entitled to a decree *pro confesso,* abstracted from any proceedings in the original cause. 3 Ves.Jr. 209, *Attorney General v. Young,* information decreed to be taken *pro confesso* upon two insufficient answers. 4 Ves.Jr. 619, *Jopling v. Stuart.* Bill amended. When the bill is amended after answer, if the amended bill is not answered, the plaintiff is entitled to a decree that the bill be taken *pro confesso* generally. An insufficient answer is no answer, and therefore shall not prevent a decree to take the bill *pro confesso.* 2 Ves. & Bea. 238, that an insufficient answer is no answer.

THE CHANCELLOR. In the case of *Davis v. Davis* an answer was filed which denied the whole equity of the bill; but the answer was reported insufficient. Then the bill was amended, and no answer was put into it, yet Lord Hardwicke seemed to think that the bill should be taken *pro confesso.* In 3 [Ves.Jr.][2] 209, *Attorney General v. Young,* after two insufficient answers, the bill was ordered to be taken *pro confesso.* And in 4 Ves.Jr. [619], *Jopling v. Stuart,* the bill being amended after answer, and no answer put in to the amended bill, the plaintiff was adjudged to be entitled to a decree that the bill should be taken *pro confesso* generally. The case then cited in the notes of *Turner v. Turner* is more precisely in circumstances like the one before us, though the principle of the other cases correspond entirely with it. In this last case *(Turner v. Turner),* the answer had been reported insufficient in matters excepted, and Lord Hardwicke declared an insufficient answer to be no answer.

Where the answer has been declared insufficient, and according to the authority of the cases it is no answer. And upon reason it ought to be so deemed, for I know not by what means the plaintiff can obtain a more complete answer; and without it he should not be compelled to go to a hearing. Let the bill according to the former order be taken *pro confesso* generally. There must be a decree for the plaintiff according to that order.

———

September 3, 1821. *Mr. McLane* moves to dismiss the order for taking the bill *pro confesso,* and gives notice to the counsel of the plaintiff. If the order is not dismissed, then decree to be made.

This case is to be heard at the adjournment of the High Court of Errors and Appeals in October next.

---

[2] Manuscript reads "Atky."

*Memorandum.* The case of Madame de Pusy against Mr. du Pont and others, if not arranged or referred before October next, is then to be attended to and proper orders for filing the account etc. etc. is to be made.[3]

---

### Court of Chancery. New Castle.

### April 19, 1823.

*Rogers, Rodney, Vandyke* [for plaintiff].

*McLane, G. Read, Jr.,* [for defendant].

*Mr. McLane* for defendant, Peter Bauduy. Defendant's counsel have not done full justice to defendant. If answer had been critically examined it would have been found sufficient answer, and exceptions submitted, and not argued. Exceptions very broad and positive, and without very minute examination, and without examination, sufficient to mislead Chancellor. Decree cannot be made till it is found no answer; and Chancellor will find that the rules have been providently laid. If exceptions cannot be sustained and answer is good, then the Chancellor will dismiss the rule to take bill *pro confesso,* and suffer the cause to go on on answer.

He reads the bill, then answer, then exceptions. This is a full answer. He denies some part, and cannot answer when he denies the fact. He denies the material allegations. That land was sold to defendant for company and carried into books and he calls for the other persons to be made parties to bill. No decree can be made without other persons in interest are brought into court. The bill could not be taken *pro confesso* without the proper [parties], or if it is against Bauduy still it is against him alone; and the other persons must be parties, and the bill proceed against them.

This rule is not in proper form. The order should be that bill be taken *pro confesso,* that party made [to] take such decree as he will abide by. 2 Madd.Ch.Pr. [1820 ed.] 459, if defendant has appeared, and bill to be taken *pro confesso* and that such decree can be made as party can abide. But when party does not appear, the court examines and makes decree on hearing the pleadings. Decree *pro confesso* is on presumption that facts in bill are true. But if his bill is not true, and is not entitled to decree, he cannot have one. First question, has court

---

[3] At this point *Ridgely's Notebook III, 467,* the account of this case is interrupted; it is resumed at *IV, 205.*

jurisdiction except to dismiss bill? Court will dismiss at any stage, if it has not jurisdiction. The answer is good as a plea, if not of an answer. It pleads the want of jurisdiction. *Penn v. Baltimore,* court decided they could not decree, if no jurisdiction. 1 Ves.Sr. 446. *Penn v. Baltimore,* court cannot proceed when a defect of jurisdiction appears, no matter in what stage. Court has not jurisdiction. Bill for payment of part of purchase money. No allegation of fraud, or accident,·nor call for account. Only ground the receipt for consideration, and party alleges he had not been paid,.but receipt is not conclusive. Can court decree payment? Court may decree discovery. 1 Del.Laws 132. Court has not jurisdiction where remedy at common law.

In suit at common law Mr. du Pont's receipt would not have concluded him. Mistake, fraud or accident alone could have given jurisdiction in this case. Court of equity and of law each would have adjudged the same thing, the payment of the money. His right is limited to discovery, and not for relief. Coop. Eq.Pl. 124. Want of jurisdiction. Remedy complete at law and clear and certain. Demurrer will lie. Bea.Pl.Eq. 77, as to jurisdiction of court of equity. 7 Ves.Jr. 237. 6 Ves.Jr. 136, *Dinwiddie v. Bailey.* Suit in Chancery will not lie, the subject being matter of set-off capable of proof at law. 6 Ves.Jr. 149, *Wetta v. Law.* The cases when the bill is retained that these may be tried at law are, when it is necessary to establish the legal title, in order to found the equitable relief; but when the subject appeared to be matter of law, the bill was dismissed. 6 Ves.Jr. 681, *Barker v. Dacie.* Bill by a clerk in court against a solicitor for payment of a certain sum stated as amount of plaintiffs. 1 Bro.C.C. 27, *Hoare v. Contencin.* Where an original right is merely of legal jurisdiction the death or bankruptcy of parties will not support a bill in equity.

If plaintiff had taken a bond, he could not come into court of ·equity. How, then, without bond? 2 Ves.Jr. 459. *Resison v. Ashley.* Dig. 349. 2 Johns.Ch. 274. 13 Ves.Jr. 131, *Clifford v. Brook.* Where, from the evidence, it appeared to be a case for an action for damages for fraudulent representation, bill not sustained on the ground of fraud or mistake. The relief being in the nature of damages, the subject of an action; and the charges of fraud not being proved, the bill was dismissed with costs. 16 Ves.Jr. 430, *Mossop v. Eden.* Bill for payment of a promissory note which had been cut into two parts, one being produced, and the other alleged to be lost, and offering an indemnity, dismissed; as, proving the loss, and action might be ·maintained. This case is decided upon the point that the party

had a remedy at law. Coop.Eq.Pl. 125. When party files a bill for discovery and relief, it is subject to demurrer. 3 Ves.Jr. 4, bill charging that defendant had got the title deeds, and mixed the boundaries. Prayed a discovery, possession, and an account. Demurrer allowed; for he could not come for a discovery and to recover the possession, and have an account. He was not entitled to the relief; and therefore demurrer allowed. [3 Ves.Jr.] 343, bill stating generally that under some deeds in the custody of defendants' plaintiff was entitled to some interest in some estate in their possession. Prayed a discovery and delivery of the title deeds, possession of the estate, and an account. Demurrer to the whole bill allowed. 1 Madd.Ch.Pr. [1820 ed.] 216, bill for discovery and relief; where party is only entitled to discovery, demurrer lies. Plaintiff must shape his bill according to his right. 6 Ves.Jr. 69. 4 Ves.Jr. 509. 2 Bro.C.C. 319. 2 Ves. & Bea. 328. When plaintiff is entitled to the discovery he seeks, in support of an action, and he prays for general relief, or for relief consequential to the prayer for discovery, as an injunction, a demurrer does not lie. 2 Ves.Jr. 514. If a bill be brought for discovery and relief, and discovery is sought for the purpose of the relief, if a demurrer or a plea (9 Ves.Jr. 71, *sed vide* 6 Ves. Jr. 819) will hold to the relief prayed, defendant cannot have the discovery.

If bill prays relief as well as discovery, and the discovery is auxiliary to the relief, a demurrer to the discovery alone will not hold. Party should make affidavit before he could pray discovery, that he has not received the money. Mitf.Pl. 111, 112, 113. Where plaintiff can have remedy at law a demurrer lies. But if accident, as loss of an instrument, is the ground of the bill, there must be affidavit. So bill for discovery of an instrument in power of defendant, an affidavit must be annexed. But if relief is such as can be given in court of equity.

This is a single matter, not matter of account. Not a series of accounts, to give this court jurisdiction. 1 Madd.Ch.Pr. [1820 ed.] 85. Account lies in equity because court of law cannot give such complete remedy as at law. Mutual demands. Series of charges and payments, not a single demand. Not one payment and one receipt. 6 Ves.Jr. 136, *Dinwiddie v. Bailey*. To sustain a bill for account there must be mutual demands. The case of dower stands upon its own specialties, so the case of a steward. Harr.Ch.Pr. 115, 116, 117. In equity for discovery and relief on foundation. Affidavit necessary.

The bill cannot be sustained. He could not claim without affidavit of a deficiency of a remedy at law. The action of *as-*

*sumpsit* will lie, for recovery of consideration money for land. 14 Johns. 165, [*Velie*] *v. Myers.* Assumpsit will lie for land sold and conveyed. 14 Johns. 210, *Shephard v. Little.* Same point. Receipt is not conclusive, it is only *prima facie* evidence of payment. 2 Phill.Ev. 62. 1 Johns.Cas. 145, receipt not conclusive. Parol evidence may be given to show that it is erroneous. 2 Term. 366, a receipt is not conclusive evidence against the party who signs it. 5 Johns. 68, parol evidence to contradict or explain receipt. 4 Johns. 23, receipt of two trustees; assumpsit for money had and received against them. Evidence may be given to show that one only received the money. 14 Johns. 210, *Shephard v. Little.* Assumpsit for consideration of money of land. Action for money had and received. Lease assigned and in assignment $500, the consideration money, acknowledged to be received. Evidence may be given to prove the money was not received. Assumpsit will lie for lands bargained, sold and conveyed. Date of deed and whether consideration money was paid are facts open for inquiry. Consideration of promissory note may be inquired into. You may explain receipt for money and so you may the receipt of money confessed in a deed.

To change the jurisdiction from law to equity, the party must swear, make affidavit of the non-payment, it cannot be done on mere suggestion of party, so of loss of a bond. The discovery of payment must be effected by oath of party in first instance. The change of jurisdiction must by oath, and show that you have no jurisdiction at law. No, without such affidavit, the court cannot have jurisdiction; it is that which gives jurisdiction. 1 Harr.Ch.Pr. 115, 116, 117, bill for discovery and relief; affidavit necessary. 1 Fon.Eq. 15. No relief on mere suggestion of loss. Assumpsit must be annexed to bill, and the loss of the deed must show that plaintiff is obstructed at law. Here plaintiff says his remedy is obstructed at law, by sealing deed and acknowledging receipt of money not paid, and he comes here for discovery that money was not paid. There must be affidavit. Blake Ch.Pr. 34, 35, bill of discovery to aid court [of] law, it must appear such aid is necessary. Affidavit necessary where relief is sought on loss of deed, for want of deed is only reason for drawing case from court of law to equity. 1 Madd.Ch.Pr. 197 (late ed. [1820]), 162 (former ed. [1815]). Bill of discovery only, affidavit not necessary; but when it is for discovery and relief affidavit is necessary, for he is not allowed to translate the jurisdiction without oath made of the loss of the deed. 1 Vern. 247, *Godfrey v. Turner,* same doctrine. 3 Atk. 17, same point. 1 Ves.Jr. 292, same. 1 P.Wms. 117. A bill to perpetuate testimony (and give relief), affidavit necessary. 1 Harr.Ch.Pr. 100.

So on a *certiorari* bill. There must be affidavit and proofs, to give jurisdiction to chancery.

This bill shows no cause for the interposition of this court, even if affidavit were annexed. Mr. du Pont does not allege any fact that he will have no remedy at law, that he has no witnesses, that deed was made on trust, that money was not paid though a receipt was given; and plaintiff has no proof without disclosure of defendant. 1 Johns.Ch. 543. If bill seeks discovery in aid of the jurisdiction of a court of law, it must appear that such aid is clearly necessary and the discovery material to the defense, for where the facts depend on the testimony of witnesses and the court of law can compel their attendance, this court will not interfere. It seems that this court will not sustain a bill of discovery, and an injunction merely to procure such admissions by the party as might be used in mitigation of damages, in an action of trespass at law, unless perhaps in very special cases.

*Mr. Vandyke* for Mr. du Pont. This is a new proceeding. Defendant should plead, answer, or demur. Plaintiff has a right to require this. First, we are required to review the opinion of the Chancellor on the exceptions filed to defendant's answer. This point is not open. But if it were, it is plain the bill is not answered. It contains an evasion of a specific charge in answer. Defendant does not answer, for to inquiry as to the sum, he does not answer as to consideration money. (p. 4.) Defendant cannot in this manner re-examine the exceptions and order of the court. After the decree is made, defendant may have a bill of review. The case now stands as if there were no motion.

[As to] objection that proper parties are not before the court; this is the rule of court that the proper parties are not before the court, but this is not an unbending rule. 3 Cranch. 220, want of proper parties not sufficient cause for dismissing bill. (This is the ground to dismiss the rule for taking the bill *pro confesso,* not to dismiss the bill, but no decree can be made without the proper parties.) I deny that other persons are necessary parties. This idea only originates from the answer but it is no answer, the exceptions to it being allowed. 4 Vin.Abr. 44C. An insufficient answer is as no answer. 3 Ves.Jr. 209 [same point]. 4 Ves.Jr. 619 [same point].

[As to] objection that there is no equity in the bill; that it is an attempt to draw from a court of law a case exclusively belonging to common law; and that this court has no jurisdiction in the cause. The vendor has conveyed the land, and vendee has obtained possession and not paid consideration money. This is

a fraud. This is a breach of confidence, peculiarly a case of equity. This consideration money, if it were like to be lost, Court of Chancery would make it a lien on the land. June 15, 1813, Indenture, E. I. du Pont and wife to Peter Bauduy, Book No. 813. Consideration, $2,350. In this deed there is a release in common form of the consideration money. The law as stated in Johnson is not the law of this state. This is a dangerous doctrine. It opens the door to much controversy, and to great insecurity in titles, and in purchases.

[As to] objection that Mr. du Pont has not annexed an oath to his bill that [he][4] has not received the consideration money. Mitf.Pl. 52, as to bills of discovery. [*Ibid.*] 112, loss of bond. Affidavit to be annexed to bill of the loss. If relief is merely for delivery of the instrument, or for such relief as can be given in a court of equity only, such affidavit is not necessary. 1 Fon.Eq. 16. Has Chancery jurisdiction in a case to recover the consideration money of land sold in fee simple where the grantor has acknowledged the receipt of the purchase money though it has not been paid? If the court of common law has jurisdiction, and can afford sufficient remedy, then this court has no jurisdiction. Is there any such suit at common law in England? Will a suit lie at common law except in New York, for the recovery of such consideration money? If it will, then there must be some particular circumstances in the case, some peculiar difficulty in preventing a recovery at common law, to give this court jurisdiction.

[As to] objection that bill does not state that plaintiff has no remedy at common law. But the bill shows that we are remediless at common law. Mr. Bauduy's absence, the debts incumbering his estate, all these will defeat us at law.

[As to] objection that order for taking bill *pro confesso* is wrong. (See the order.) 8 Ves.Jr. 192. *Gary v. Sheridan.* 13 Ves.Jr. 563. 1 Dick. 59, 60, *Earl of Litchfield v. Roberts,* decrees when bills taken *pro confesso.* 11 Ves.Jr. 77.

*Mr. Read* for defendant, Bauduy. The order for taking this bill *pro confesso* is irregular. No such order in England; there, before the Statute of George II, there could be no decree against party who had not appeared. The Statute gives the court a bill *pro confesso* where he does not appear. So our Act. This is a case of appearance, and default after appearance; and in such case order is that bill should be *pro confesso* and decree such as party can abide by. 8 Ves.Jr. 192. *Gary v. Sheridan,* decree upon a bill. 2 Ves. & Bea. 184. *Night v. Young.* 4 Johns. Ch.

---

4 Manuscript reads "that the money."

547, bill taken *pro confesso,* cause must be set down, and clerk must attend with the bill. The order here was improvidently made. We then move to strike it out. It appears on this motion that the case does not belong to jurisdiction of [this] Court, and then the Court will not make a decree nor suffer the party. As to jurisdiction, here is no fraud, no accident, no trust. This is a mere dispute whether paid or not paid. The receipt might be offered in proof of payment; but the receipt is not conclusive evidence of a payment and may be inquired into. There is nothing impugning this deed, nor the consideration. They should have made, attached to this bill, an affidavit of its verity.

*Mr. McLane* for defendant. There can be no decree but such as the court would make on hearing this cause upon the bill and answer, and examining into the facts. If there be a plea with this answer, though not good as an answer, yet good as a plea, and therefore if there be want of parties, the bill cannot be decreed, without proper parties. If court ought to have directed further parties, then the bill could not have been taken *pro confesso,* but further parties should have been ordered. The question: Will you dismiss the bill or grant the prayer of it? The court has not jurisdiction because the party will not appear. When deed was made contract was completed, and party had remedy at law. The principle in 14 Ves. [——] [5] applies to this state, if party has remedy at common law. An action will lie at common law for the consideration money of land. The sale of land is a contract, and you may bring an action for consideration. (A deed of bargain and sale requires the payment of the money. The consideration must be good and valuable. Not a promise, but if money, money paid, then how can a suit lie, when the payment must accompany the execution of the deed?) Lost bond, inability to make profert. Affidavit that bond is lost to give chancery jurisdiction. Du Pont would not be without remedy. But if he embarrasses his remedy by not securing his proof, he cannot bring the case into the Court of Chancery without affidavit. So if his witnesses die; or party gets deed without paying through fraud.[6]

---

[5] Blank in manuscript.

[6] This account breaks off here, *Ridgely's Notebook IV, 210,* and is followed by a blank page.