ROCKINGHAM, FEBRUARY TERM, 1825.

~~~

### JOSEPH SCOBY *vs.* BENJAMIN BLANCHARD.

A resulting trust may be proved by parol evidence.
Where one, having notice of a resulting trust, purchased the land from the trustee, and then brought a writ of entry against the cestui que trust, for the purpose of turning him out of possession, the purchase was held to be a fraud, and the tenant had judgment.

THIS was a writ of entry, in which the demandant counted upon his own seisin of a tract of land, in Windham, in this county, and upon a disseisin by the tenant.

The case was tried here, upon the general issue, at September term, 1824, when it appeared in evidence, that one *Robert Clarke*, being seized of the demanded premises, on July 31, 1811, conveyed the same, by deed, to *D. M. G.*, " to hold the same to the said *D. M. G.*, and his heirs, to " his and their use forever :" the consideration being expressed in the deed to be paid by *D. M. G.*. and that *D. M. G.*, by deed, on the 15th March, 1820, conveyed the same to the demandant.

The tenant then introduced evidence to prove, that one *David Gregg, jun.*, in fact bought the land of *Robert Clarke* and paid for it and took the deed in the name of *D. M. G.*, who at the time had no knowledge of the conveyance ; that *D. Gregg*, on the 5th September, 1816, by deed, conveyed the same to *E. C. Blanchard*, who afterwards conveyed the same to the tenant ; and that *Scoby*, when he purchased the land, knew that *D. Gregg* purchased and paid for the land, and that *Gregg* had conveyed the land to *Blanchard* as aforesaid.

The court instructed the jury, that if they believed that *Gregg* bought and paid for the land, and that *Scoby* had notice of this at the time he purchased, the tenant was entitled to a verdict.

The jury having returned a verdict in favor of the tenant, the demandant moved the court to grant a new trial, on the ground that the jury had been misdirected.

*Woodbury*, as counsel for the demandant, argued, that the verdict must be set aside ; because the grantor in the deed to the tenant, was admitted to testify to facts altering the operation of the deed    He considered this improper.

1.   Since the grantor in a deed is not a competent witness to avoid his deed in any particular.    4 *Mass. Rep.* 707, *Bartlett vs. Delprat et al.*—12 *Mass. Rep.* 440, *Clarke vs. Waite.*

2.   Since neither the grantor, nor any other person, is competent to prove facts, which vary or contradict the operation of a sealed instrument.    And the object of his evidence was to make the title of the land, either legally or equitably, vest in a different person from him, in whom it would vest independent of his evidence.

He further argued, that the verdict should be set aside ; because the evidence was not competent to prove a resulting trust, so as to affect the title of the land in a court of law.

1.   If it was, the construction of a proviso, in the statute of frauds, would destroy and root out the very principle of the statute, making it a *felo de se.*

2.   It would open an avenue to every species of fraud and perjury, intended by the statute to be prevented.

3.   It would go beyond the English decisions upon this proviso : and the reason of the American ones, where founded on common law principles.

Most of the cases of resulting trusts in England, and here, are those, where on *the face of* the deed, and *in writing*, it appears, that the consideration belonged to a person, other than the grantee : and in those cases, the title of the estate may be held to vest in him, without any violation of the rules of evidence.   *See the cases Roberts on frauds* 99.—1 *Piere Wms.* 323, *Ambrose vs. Ambrose.*—8 *Mass. Rep.* 439, *Storer vs Batson.*—12 *Mass. Rep.* 108, 375, *Jenny vs Alder & N. Hamp. Bk. vs. Whiting.*—13 *Mass. Rep.* 56.—15 *Mass. Rep.* 218, *Goodwin vs. Hubbard et al.*—2 *John. Cases*

Scoby
vs.
Blanchard.

323, *Jackson vs. Lisson.*—8 *John. Rep.* 487, *Jackson vs. Van Slyck.*—4 *John. Rep.* 96.

In no other cases is parol evidence competent to show, that the consideration belonged to a third person, except in actions between the principal and agent, or between cestui que trust and trustee, as to the consideration, or to obtain the income and profits, or to compel a conveyance in chancery by the agent to the principal. 10 *Vezey, Jr.* 360, *Leach vs. Leach.*—2 *Piere Wms.* 412, *Deg vs. Deg.*—*Precedts. in Ch.* 88.

If some other cases exist, where parol evidence on this point has been admitted, they are cases in which it was admitted *diverso intuitu,* and not to alter the title. 13 *John. Rep.* 464.—3 *John. Rep.* 222.

But if it were competent to show by parol, that the equitable title in this land was in the tenant's grantors, it has been solemnly and repeatedly settled, that the legal title in an action for the premises themselves can alone be recognized in a court of law, and must prevail. 2 *D. & E.* 696.—7 *D. & E.* 43.—8 *D. & E.* 122.—2 *John. Cases* 324, *Jackson vs. Lisson.*—2 *John. Rep.* 221.

*Thom,* for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

It is contended on the part of the demandant, that the tenant could not be legally permitted to shew by parol evidence, that the consideration, which in *Clarke's* deed is expressed to have been paid by *D. M. G.* was in fact the money of *D. Gregg,* because the evidence goes to contradict the deed. We shall examine this objection, in the first place; because if it be well founded, there is clearly an end of the tenant's claim, which has no other foundation than the fact, that the land was bought with *D. Gregg's* money.

There is in the books apparently considerable diversity of opinion upon the question, how far the recital in a deed in relation to a consideration may be contradicted. It has been supposed by some, that when a particular consideration is expressed in a deed, no other consideration can be averred. But others seem to have held that a party may aver another consideration, not inconsistent with the one mentioned in the

deed. 1 *John. Rep.* 139, *Schemerhorn vs. Vanderkeyden.*— 2 *P Wms.* 204, *Clarkson vs. Hanway.*—7 *John.* 341, *Maigley vs. H uer.*—*Phill Ev.* 424.—1 *Coke's Rep* 175, *Mildway's case.*—7 *Coke Rep.* 135, *Bedell's case.*—2 *Coke's Rep.* 76, *Ld. Cromwell's case.*—4 *Mass. Rep.* 135, *Wallis vs. Wallis.*

It is well settled, that when a consideration of money is expressed in a deed, no evidence, nor averment to the contrary shall be received. *Moor* 569, *Fisher vs Smith.*—1 *Binney* 517. This rule, however, does not apply in cases where the real consideration is illegal. (*Phill. Ev.* 227.) And in other instances it seems to be restricted in its application to cases where the averment or evidence is attempted to be introduced for the purpose of defeating the operations of the deed. For in an action of assumpsit to recover the consideration money of land sold, it was held, that parol evidence was admissible to shew that the consideration was not paid, although it was expressed in the deed to have been paid by the grantee. 14 *John. Rep.* 210, *Shepherd vs. Little.* So where two trustees for the sale of an estate joined in a conveyance and in the deed both acknowledged the receipt of the consideration money, but all the money went into the hands of one of the trustees, it was held, that the other was not precluded by the deed from shewing, that he received nothing. 4 *John. Rep.* 23, *Kip vs. Deniston.*

But we are of opinion, that it is unnecessary in this case to decide, whether the recital in *Clarke's* deed, respecting the consideration, can be contradicted ; because it seems to us, that the objection which the demandant makes is not well founded in point of fact. In order to show a resulting trust, it is not necessary to prove that the consideration money, mentioned in the deed, was not paid by *D. M. G.*, but by *Gregg.* It is enough to show, that the money paid by *D. M. G.*, was *Gregg's* money, and this does not contradict, but is perfectly consistent with, the recital in the deed. 1 *Cruise D gest* 472.

It is also objected in this case, that a resulting trust cannot be shewn by parol evidence ; and there are many authorities which seem to countenance this objection. 12 *Mass.*

Scoby
vs.
Blanchard.

Rep. 104, *North-Hampton Bnk vs. Whit ng.*—12 *Mass. Rep.* 377.—*Saund. uses* 211, 217.—1 *P. Wms.* 321, *Ambrose vs. Ambrose.*

But the better opinion seems to be, that a resulting trust may be shewn by parol evidence. *Sugden's Law of Vendors* 414, 419.—13 *Mass. Rep.* 448.—4 *East* 577, *note, Bartlett vs. Pickersgill*—3 *John* 216, *Foot vs. Colvin.*—1 *Johns. cases* 153.—16 *John.* 197, *Seelye vs. Morse.*—11 *Johns. Rep.* 91, *Benson vs. Matsdorf.*—2 *Vent.* 361.—*Coke Litt.* 290, *a. note* 249, *sec.* 8.—13 *Johns. Rep.* 463, *W h tlocke vs. Mills.*

The next inquiry is, whether the evidence in this case shewed a resulting trust. It was clearly proved, that *Gregg* purchased the land with his own money, and took a deed in the name of *D. M. G.* This is the example of a resulting trust put in many of the books. 1 *Saund. uses* 211.— *Sug.* 415, 212.—2 *Fonblanque* 16, *note.*—11 *John.* 96

We shall not, at this time, go into the consideration of the question, whether in the case of a resulting trust, the cestui que trust has a vested legal estate. *Saund. uses* 89, 90.

But, we shall consider the interest of the cestui que trust as merely equitable

Where lands are held in trust, whoever purchases the land of the trustee, and takes a conveyance with notice of the trust, becomes the trustee. 2 *Fonbl.* 147.—1 *Saund. cases* 227.

*Scoby*, the demandant, then, who purchased the land in this case with notice that his grantor was a mere trustee, must be considered as a trustee, and hold the land subject to the trust. And the tenant holding the land under a conveyance made by the original *cestu que trust* must now be considered the cestui que trust.—And the question is whether this demandant can set up his mere trust estate against the tenant, who is the cestui que trust? In England, there has been considerable diversity of opinion, upon this question. *Lord Mansfield, Lord Loughborough,* with *Gould, Ashurst,* and *Buller,* were of opinion that an equitable title might be set up as a defence in ejectment. *Cowp.* 473, *Weakly vs. Bucknell.*—*Doug.* 695, *Doe vs. Pott.*—5 *East* 138, *note.*

Lord *Kenyon*, *Eyre*, and *Heath* were decidedly of a different opinion. 7 *D. & E.* 51, *Jones vs. Jones.*—2 *ditto* 684, *Doe vs. Staple.*—2 *John.* 221, *Jackson vs. Peirce.*—2 *ditto* 84, *Jackson vs. Chase.*

It is now considered as settled in England and in New-York, that an equitable title cannot be set up as a defence in ejectment. But in England and in New-York there are courts of equity, who can protect the rights of a cestui que trust. Here we have no court of chancery, and if the rights of this tenant cannot be regarded and protected by this court in this case, he is without redress. For this reason, if this were an action of ejectment, we should not hesitate to decide, that the equitable title of *Blanchard* was a good defence. But this is a writ of entry, in which the title to the freehold and inheritance is in question. whereas in ejectment, nothing is in issue but the right of possession. This is an important distinction. Here the equitable title is not set up against a mere claim of possession, but in opposition to a claim of the freehold and inheritance. And the question remains to be decided, whether the equitable title can prevail in such a case.

This is not the case of land conveyed to a trustee to receive the rents and profits, and pay them over to some third person. There the cestui que trust would have no claim in law or equity to hold the land against the trustee. But here the cestui que trust is in equity entitled to hold the land, and ought not in good conscience to be disturbed by this demandant.

It is the constant practice in all the courts of law in England and in the United States, to recognize and protect equitable interests. Thus in the case of *Winch vs. Keeley*, *Winch* assigned to one *Searle* an account due from *Keeley* to *Winch*, and then became bankrupt. *Searle* brought an action in *Keeley's* name to recover the amount due. The defendant pleaded the bankruptcy in bar. To which the plaintiff replied the assignment of the account to *Searle*, and the replication was held to be sufficient. 1 *D. & E.* 619.

VOL. III.     23

In *Rudge vs. Birch*, (1 *D. & E.* 622,) to debt upon a bond, the defendant pleaded that the bond was given to the plaintiff in trust for *A.*, for a debt due from the defendant to *A.*, and that *A.* was indebted to the defendant in more money; and this plea was held to be good. 4 *D. & E.* 341.—19 *John.* 342, *Ford vs. Stuart*.

In *Dix vs. Cobb*, and *Whitney* his trustee, (4 *Mass. Rep.* 508,) the trustee disclosed that *Cobb* had a book account against him; but that the interest in it had been assigned previous to the commencement of the suit; and it was held, that the trustee could not be charged.

In the case of *Dunn vs Snell*, (15 *Mass. Rep.* 481,) it was decided, that where a judgment had been assigned, a release of the debt by the assignor, made after the assignment, was no bar to an action upon the judgment in the name of the assignor. The same point is decided in *Briggs vs. Dorr*, (19 *John.* 95.)

Indeed, the authorities on this subject are too numerous to be particularly enumerated. 16 *John.* 51.—15 *ditto* 405.—12 *ditto* 343, 484.—11 *ditto* 47, 488.—1 *B. & P.* 447.—3 *John.* 425, 263.—8 *ditto* 152.—10 *ditto* 45.—3 *Binney* 135.—1 *Pickering* 461.—14 *Mass. Rep.* 291.—13 *ditto* 215.—11 *ditto* 488.—9 *ditto* 337.—1 *ditto* 117.

Thus it seems, that equitable interests in choses in action are constantly recognized and protected by courts of law; and we have no doubt that an equitable interest in land may be so far recognized, as to receive protection against fraud and deceit.

Here the demandant, having full knowledge that the tenant had bought the land and paid for it, and that he had in equity a right to enjoy it, for the purpose of depriving the tenant of this equitable right, went and purchased the legal title; and upon the strength of that title he now asks us to aid him in effecting his purpose. This we cannot do. Such being his purpose, his title must be considered as founded in fraud and injustice, and can receive no countenance in a court of law. On this point there are many authorities. Where one buys an estate, and forgets to have his deed recorded, if another, knowing this, buys the estate for a full

price, and puts his deed upon record, he cannot hold the land, because his purchase is a fraud upon the first purchaser. *3 Mass. Rep.* 575 —1 *Burrows* 474.

In the case of *Jackson vs. Matsdorf*, (11 *John.* 97,) *Thompson, C. J.* says, " But admitting a delivery of the deed, the " interest created thereby was a resulting trust for *Ambrose* " *Benson*, who paid the consideration money ; and if the " legal estate was by that deed vested in his daughter " *Keziah*, the lessor of the plaintiff cannot avail himself of " his purchase from her and her husband, in the year 1786, " since he purchased with full notice of the trust, and was " therefore guilty of a fraud, although he might have paid " a valuable consideration." And see the remarks of Judge *Trowbridge*, (3 *Mass. Rep.* 576–7.)

In the case of *Dunn vs. Snell*, (15 *Mass. Rep.* 481,) where a judgment had been assigned, the judgment debtors, with a knowledge of the assignment, procured a release from the judgment creditor, *Parker, C. J.* said, " the transaction " between the creditor and the debtors, after knowledge of " this assignment, was a gross fraud, of which they cannot " avail themselves in a court of law."

In England, " where a person purchases of a trustee, with " notice of the trust, he is guilty of a fraud, even though he " should pay a valuable consideration, and is therefore con- " sidered as a trustee for the person entitled to the bene- " ficial interest." 1 *Cruise's Digest* 485.—2 *Fonbl.* 147.

In any place where there is a court of chancery, the cestui que trust is sufficiently protected against the fraud of a purchaser of the legal estate, with notice of the trust, by considering such purchaser as a trustee. Because such a court can compel the trustee to convey the legal estate, and can protect the equitable interest. 1 *Cruise's Digest* 489—503.

But in this state we have no court of chancery. No means exist here to compel the purchaser in such a case to convey the legal estate. Nor is it yet settled what remedy a cestui que trust may have to protect his rights. When then any person purchases an estate held in trust under the

circumstances, which exist in this case, with notice of the trust, and then, by bringing a writ of entry, attempts to treat the cestui que trust as a disseizor, and to turn him out of possession against every principle of equity and good conscience, he must be considered as having made the purchase with an intention to defraud the cestui que trust of his equitable interest, and as having relied upon the absence of a proper tribunal to protect such interest for success in his profligate attempt.

It is then unnecessary now to decide whether, in a case free from fraud, the equitable title of a cestui que trust could, in a writ of entry, prevail against the legal title ; because the title of this demandant, being tainted with fraud, cannot avail him, let the title of the tenant be what it may. We have, therefore, no hesitation in pronouncing the tenant to be legally entitled to

*Judgment on the verdict.*