PHINEAS STOWE *vs.* BENJAMIN B. BOWEN, administrator.

A. executed an invalid deed, conveying his money, which was in B.'s possession, to B., C. and D., to invest and hold on certain trusts. B. paid the money to C. in presence of D., who advised and acted with B. and C. in the future administration of the trust but never had possession of any part of the fund. *Held,* that D. was not liable to A. for the fund as for money had and received by him to A.'s use, in the absence of fraud on his part and of any agreement by him to be jointly responsible with the other trustees.

The objection that a defence is not open to a defendant under his answer must be deemed to have been waived, if first made at the hearing of exceptions to a ruling on evidence introduced in support of such defence without objection at the trial on a review of a cause in which the original judgment was entered on default.

WRIT OF REVIEW. The original action was brought in 1862, in the superior court, by Edwin V. Reed, as special administrator of the estate of Christian Albee, against William L. Brown, Nathaniel Francis and Phineas Stowe, for money had and received by them to the plaintiff's use. Brown, who was an attorney at law, appeared for all the defendants, and filed an answer denying that Albee was dead, and that the plaintiff was administrator, alleging that the court had no jurisdiction of the cause, as the whole transaction to which it related concerned a trust, and that the only transaction which the defendants ever had with Albee was as trustees in a deed of trust executed by him, a copy of which was set forth; further alleging performance of the trust; setting up also the statute of limitations; and concluding with an averment that they did not owe the plaintiff anything. Brown died while the action was pending. No other counsel appearing in his stead, a default was entered and judgment taken against the defendants in 1863, which was the judgment sought to be reviewed.

The action of review was tried on the original pleadings, and a replication which alleged that the execution of the deed of trust set forth in the answer was procured by fraud and while Albee's mind was unsound. At the trial, in the superior court before *Morton,* J., these facts appeared :

Albee was a sailor, born in Boston, where he resided when not at sea. In September 1852, he sailed from Boston for San Francisco, and he had not been heard from since August 12, 1853.

In May 1861 the defendant in review was appointed administrator of his estate.

On May 23, 1851, Albee, with Brown, Francis and Stowe, had executed the deed of trust, which recited that he owned $1400, which he transferred to them as trustees, to pay his debts, invest the balance then remaining, and apply it to his support at their discretion, and on his death to pay to Brown's own use one third part of such sum as might then remain, another third to Stowe, who was pastor of a Seamen's Baptist Bethel, to be applied to promoting the Christian welfare of sailors, and the remaining third to Francis, to be applied to charitable purposes at his discretion.

The trust fund was at that time in the hands of Brown, and was then paid over by him to Francis, and invested in notes secured by mortgage, and held thereafter by Francis. Stowe accepted the trust, and advised and acted with the other trustees; but it did not appear that any of the fund ever came into his personal custody, although he was present when it was paid over by Brown to Francis, and was consulted and gave advice as to its investment, and as to the final disposition of the notes.

Several hundred dollars of the trust fund were expended for the support of Albee; and the defendant in review claimed to recover the balance, and offered evidence tending to show want of mental capacity in Albee prior to, and at the time of, the execution of the deed of trust, and that such incapacity continued to the time of his death; and also offered evidence tending to show that Albee was induced to execute the deed by false and fraudulent representations made to him by Brown, as to the existence and condition of a niece, Albee's only living relative, who was the wife of the defendant in review. But "it was not claimed by the defendant in review that either Stowe or Francis were guilty of any fraud or concealment whatever in the premises."

The plaintiff in review requested the judge to instruct the jury, " that, if the trust deed was void from, or could be avoided on the ground of, fraud practised at the time of, or before, its

execution, in which Stowe had no part, and of which he had no knowledge, and the trust fund named in said deed came into the custody of one or both of his cotrustees, Stowe could not be held liable in this action for the same, unless the money or some part of it actually came to his personal possession." The judge refused this request, and submitted the case to the jury with the instruction, among others which are now immaterial, " that if they were satisfied that Albee was induced to execute the trust deed by false and fraudulent representations made by Brown, though without any participation or knowledge of the other persons named as trustees therein, and that the fraud was concealed from Albee, so that he did not discover it until within six years of his death, the deed would be void, and the defendant in review could maintain his action."

The jury returned a verdict for the defendant in review; and the plaintiff alleged exceptions.

*C. R. Train & S. A. Bent,* for the plaintiff in review.

*E. Avery,* for the defendant in review.

COLT, J. The original action is for money had and received, founded upon that implied promise which the law raises upon proof of certain existing relations between the parties. It is sought to be maintained here by proof that the plaintiff in review had received the money of the defendant's intestate which in equity he ought to refund.

The plaintiff in review is named as trustee jointly with Francis and Brown in a deed of trust which purports to have been executed by the intestate, the validity of which seems to have been the question mainly considered at the trial. The statute of limitations was also relied on in defence. And these matters chiefly occupied the attention of the judge in his instructions to the jury. It is unnecessary to review the instructions actually given, because we think the present plaintiff entitled to the instruction requested, but not given, in relation to the actual receipt by him and possession of the money of the intestate.

As a general rule, cotrustees are responsible only for their own acts. They may, by agreement to that effect, or by coöperation with or connivance in the act of another in violation of the

trust, become themselves in one sense responsible for the act of a cotrustee. In the discharge of their trust, they must join in giving receipts and discharges for money paid them ; but such joint receipts are open to explanation, and those only into whose actual possession and control the money has come will be liab.e for its subsequent misapplication. It is said that this rule does not apply to executors whose concurrence in acts relating to the estate is not necessary. Hill on Trustees, 471, note. *Kip* v *Deniston*, 4 Johns. 23. *Leigh* v. *Barry*, 3 Atk. 584. *Sadler* v *Hobbs*, 2 Bro. Ch. 117.

The nature of the action requires this defendant to prove that the plaintiff Stowe had actually received the money of his intestate. Stowe acted in the matter solely in his capacity as trustee under the deed, without knowledge of its alleged invalidity.

It appeared that he never took any of the trust funds into his actual custody. They were transferred from Brown to Francis in his presence, and he accepted the trust and advised and acted with them, but nothing more. It is conceded that he was not guilty of any fraud or concealment whatever in obtaining the transfer of the funds or the deed of trust. He cannot therefore be charged as coöperating with Brown in the alleged fraud. The jury found the deed void, either because Albee was insane, or because it was obtained by fraud practised by Brown. Upon either ground, it was therefore necessary for them to find, under proper instructions, that Stowe actually received the money, before their verdict could be against him. He cannot be placed in a worse position than if the deed had not been impeached for the fraud of Brown or the want of capacity in Albee.

The defendant in review now insists that the plaintiff Stowe has admitted the receipt of the money in his original answer in the case. The answer, which was joint, sets up many distinct grounds of defence, alleges that the only transaction whereby they had any money of the intestate arose under the deed of trust, and concludes with the averment that they do not owe the plaintiff anything. The question whether this answer, as it is

and without amendment, is not sufficient to admit the defence, we do not discuss, for the objection, if it is valid, now comes too late. It does not appear to have been made at the trial. The instructions asked for were not objected to or refused on that ground. If they had been, the plaintiff would have had an opportunity to amend his answer. The doctrine of waiver applies, and we think he cannot now be deprived of this ground of defence. *Burke* v. *Savage*, 13 Allen, 408. *Jones* v. *Sisson*, 6 Gray, 294. *Hutchinson* v. *Gurley*, 8 Allen, 23. Gen. Sts. *c.* 146, § 30.                            *Exceptions sustained.*