## PATE ET AL. VS JOHNSON ET AL.

Amicable and family settlements of the estates of deceased persons, among the several distributees, are to be encouraged; and, when fairly made, strong reasons must exist to warrant the interference on the part of a court of equity.

A court of equity is competent to correct mistakes; but it will not do so on slight grounds, nor mere probabilities; nor unless the mistake be established by the clearest and most satisfactory proof, in case it is not apparent.

The recital of the consideration money, and its payment in a deed, is only prima facie evidence, and parol proof is admissible to contradict it—as where the recital is relied upon as evidence of a sale to a child instead of a gift.

*Appeal from Hempstead Circuit Court in Chancery.*

Hon. JOHN QUILLIN Circuit Judge.

PIKE & CUMMINS, for the appellants. That although the deed for land by a father to his son, may express a consideration, testimony may be admitted to show that nothing was paid, and that the conveyance was given as an advancement. *Belden vs. Seymour,* 8 *Conn.* 304; *Sparrow vs. Smith,* 5 *id.* 113; *Clapp vs. Tirrell,* 20 *Pick.* 247; *McCrea vs. Purmat,* 16 *Wend.* 460; *Meeker vs. Meeker,* 16 *Conn.* 383; *Powell's heirs vs. Powell's heirs,* 5 *Dana* 168; *Stewart vs. State,* 2 *Harr. & Gill* 114; and that the

value of the property advanced will be estimated at the time of the conveyance. *Barber et al. vs. Taylor's heirs*, 9 *Dana* 84.

CURRAN, for the appellees, relied upon the consideration expressed in the deed, as evidence that the land was sold, not given; and contended that there was no proof sufficient to outweigh the recital; that the execution of the deed being established, the court was bound, under the circumstances, to hold it a sale according to *Scott et al. vs. Henry et al.*, and *Roberts vs. Totten*, 13 *Ark.*

Hon. S. H. HEMPSTEAD, Special Judge, delivered the opinion of the Court.

The object of the bill in this case, was to correct an alleged mistake, as to an item of eight hundred dollars, for a tract of land in Missouri, supposed to have been given by Edward Johnson, Sr., to his son James Johnson, and which, in a proceeding for the division of the estate of the former among his heirs, had been charged as an advancement; and, hence, so much paid on the distributive share of the son in the estate of the father.

The division of the estate of Edward Johnson, Sr., exceeding twenty thousand dollars in value, among numerous heirs, was an amicable proceeding in the Probate Court of Hempstead county, and may therefore be regarded in the light of a family settlement, without strict adherence to formal requisites, but conforming to the equity and justice of the case. All parties appeared to be perfectly satisfied with the division, the distributive shares were received, refunding bonds given, and no complaint heard from any quarter. Amicable and family settlements are to be encouraged, and when fairly made, as it is evident this was, strong reasons must exist to warrant interference on the part of a Court of Equity. 1 *Story's Eq.* 132; 3 *Swanston* 463, 476. The chief reason for it, in this instance, is alleged to be, that after the division had been made, the report of the commissioner confirmed, and the distributive shares taken by the respective distributees, a deed was discovered among the papers of James Johnson, de-

ceased, and who had died before his father, dated the 20th day of September, 1819, and whereby it appeared that Edward Johnson conveyed to James Johnson, in consideration of one thousand dollars, to him in hand paid, a tract of land in Washington county, Missouri, with general warranty of title, and that this deed was not known at the time, and so that this land was improperly treated, and charged as an advancement, when in fact it was not a gift at all, but a purchase by James Johnson, the ancestor of the complainants, for a fair and valuable consideration.

It is not pretended that the commissioners were guilty of fraud, or of an intention to do injustice to the complainants, or that there was any fraud or unfairness in the division, except that the value of the land was improperly charged to James Johnson as an advancement, and that is the mistake sought to be corrected.

Now passing other questions of less importance, it is to be observed that a court of equity is competent to correct mistakes, and that this in fact is a part of its original jurisdiction, which we have no disposition to abridge. But to exert this power on slight grounds, or mere probabilities, would be intolerable, and wholly unwarranted. While therefore the power is unquestionable, it is placed within the influence of the wholesome restraint, that the mistake must be established by the clearest and most satisfactory proof, in case it is not apparent.

"Inferences, and presumptions, and *prima facie* proofs, are not sufficient." "The mistake must be made out," says Chancellor KENT, "in the most clear and decided manner." *Lyman vs. United Ins. Co.*, 2 *John. Ch. R.* 632; *Gillespie vs. Moon*, 2 *John. Ch. R.* 585; *Gray vs. Wood*, 4 *Black.* 432; *Carnall vs. Wilson*, 14 *Ark.* 487; *Marquis Townsend vs. Strangroom*, 6 *Veasey* 328. The mistake must be proved to the entire satisfaction of the court. 17 *John.* 376; 5 *Mason* 577.

And this rule is founded in sound policy; because, otherwise, the court, in attempting to reform one mistake, might commit another.

Most of the authorities cited above, apply in terms to written

contracts; but all the cases of this description, are embraced within the principle enunciated by them.

The Probate Court had jurisdiction of the subject matter, and an amicable division was made, and the distributive shares received by the heirs, and the matter was closed to the satisfaction of all parties concerned. It surely requires no argument to prove that such an adjustment ought not to be reinvestigated, either in part or in whole, on any other than grounds quite as strong as those required to reform a written contract.

The recital of the consideration money, and its acquittance in a deed, is only *prima facie* evidence; and parol proof is admissible to contradict it. *Kip vs. Denneston,* 4 *John.* 23; *Shephard vs. Little,* 14 *John.* 211; *Wilkinson vs. Scott,* 17 *Mass. R.* 257; *Gully vs. Grubb,* 1 *J. J. Marsh.* 391, 392.

The principle of estoppel, it is said, does not apply to the consideration expressed, date of the deed, recitals of quantity, or value, or other recitals, to which the attention of the parties is supposed to have been but slightly directed. 1 *Greenl. Ev., p.* 90 note 1, *and cases cited.*

It has been often held that the usual clause in a deed of land, or other property, acknowledging the receipt, and declaring an acquittance of the consideration money, even although it is followed by a receipt of the same money endorsed on the deed, is not only inconclusive in an action for the purchase money; but some cases hold it to be evidence of the lowest grade; that it is a mere formal part of a deed, and that such receipts are given every day, when nothing has been paid. *Bowen vs. Bell,* 20 *John.* 338; 2 *Phil. Ev., Cowen & Hill's notes,* 217, *and cases there cited.*

The weight of authority, however, undoubtedly is, that the statement of the amount of the consideration in a deed, is *prima facie* evidence in an action for the purchase money; or in any proceeding where the deed may be used as evidence. But it is nothing more, and hence it is competent to overthrow the *prima facie* cause by parol proof, or circumstances; and show that no

consideration was paid at all, or a different one from that expressed. This is of almost daily practice in the courts.

How stands the proof in this case? The complainant adduced a deed reciting the payment of one thousand dollars to Edward Johnson by James Johnson, for the tract of land in Missouri, and that made a *prima facie* showing that the land was sold and not given, and that was all the evidence relied on by them.

But to weaken, if not entirely destroy, the *prima facie* case thus made, we find (1) the denial in the answers that it was a sale; (2) the strong probability that, if it had been a sale, it would have been spoken of as such in the family; (3) the statements made by members of the family to the commissioners at the division, that the land in Missouri had been given by the father to the son; (4) that through a long series of years, the land was understood to have been a gift, and was so treated by common consent; and (5) the testimony of Morrison to the effect that James Johnson, the ancestor of the complainants, had frequently said that his father had given him land in Washington county, Missouri.

With these facts and circumstances against the *prima facie* showing made by the deed, we think it may be safely assumed, that the case does not present such clear and satisfactory evidence, as to warrant a court of equity in granting the relief sought by the bill.

To put the matter in the most favorable light for the complainants, there is no more than a slight preponderance of proof to show that the land was sold and not given. As we have seen from the authorities, that is not sufficient, and it follows that the decree must be reversed with costs, the case remanded with instructions to dismiss the bill.

Chief Justice WATKINS not sitting in this case.

N. B.—The Hon. DAVID WALKER was not present during the remainder of this term.