LACOTTS v. QUERTERMOUS.

Opinion delivered November 25, 1907.

1. CANCELLATION OF INSTRUMENT—DEED PROCURED BY DURESS.—A deed
from a mother to her infant child will be cancelled where it was pro-
cured from the mother by the child's father through duress. (Page
614.)

2. DEED—DELIVERY.—A deed which was never delivered is not binding.
(Page 614.)

3. ESTOPPEL—FAMILY SETTLEMENT.—Where an infant heir, who was also
a married woman, agreed that her intestate's widow should receive
a certain share of the estate in lieu of dower, and after reaching her
majority accepted her share of the proceeds of a sale of the estate
in accordance with such agreement, she will be held to have ratified
the agreement made during minority, and to be estopped to dispute
the widow's right to share in the estate as agreed. (Page 614.)

Appeal from Arkansas Chancery Court; *John M. Elliott*,
Chancellor; affirmed.

*Appellants, pro se.*

1. There is no estoppel as against an infant, and neither
a married woman nor an infant is estopped by mere silence.
61 Ark. 61; 62 Ark. 319; 30 Ark. 385; 40 Ark. 26. But the
plaintiff, appellee here, is estopped by reason of her failure to
take steps to protect her rights as widow for ten years.

2. Appellee is further estopped, and will be held to have
waived her dower rights in the Wolfe Point land, by executing
a deed conveying the fee therein, without reserving her dower.
31 Ark. 110; 51 Ark. 419; 53 Ark. 107.

3. One can not avail himself of the betterment act except
under color of title; and, even if the act giving the widow the
option of taking a child's part had not been declared invalid,
still the act was not complied with by filing relinquishment of
dower within sixty days as required, and, there having been
no administration, the probate court was without jurisdiction
to grant such an order. Appellee was therefore without color

of title, and can not claim the benefit of betterment. 55 Ark. 369; 33 A-k. 490; 47 Ark. 62; *Id.* 28; 48 Ark. 183; 67 Ark. 184.

4. Appellee can claim no benefit by reason of the note and mortgage executed by her to B. F. Quertermous prior to her marriage to him. 64 Ark. 381.

5. Delivery of a deed to a father for a minor is sufficient. 63 Ark. 374; Tiedeman, Real Prop. § 814. Time of delivery is the date of the deed. 61 Ark. 104.

*John F. Park, H. Coleman,* and *Campbell & Stevenson,* for appellee.

1. Appellant, by demanding and accepting one-third of the proceeds of the Wolf Point land, was estopped to disaffirm the agreement and the probate judgment whereby appellee's dower interest therein was exchanged for the twenty-acre tract. 22 Cyc. 549; 77 Tex. 240; 14 Ia. 310; 24 Ia. 118; 19 Pa. St. 424; 53 Pa. St. 349; 45 Miss. 542; 51 Miss. 166; 42 Miss. 471; 12 Heisk. 436; 64 Ala. 411; 88 Ky. 515. Where a former infant seeks to evade responsibility for acts of affirmance creating an estoppel, done after reaching majority, the burden is upon him to show such fraud or mistake as will defeat a contract between adults. Cases *supra.*

2. That the deed of appellant to her infant child was executed under duress, the evidence is conclusive. Duress exists, and will avoid an act done under its influence, whenever by the wrongful acts of another a person is so put in fear or under compulsion that he does an act at the dictation of another which, left free to act, he would not have done. 14 Cyc. 1123, 47 L. R. A. 417; 111 Ala. 456; 64 S. W. 329. The evidence also clearly shows that there was never a delivery of the deed.

BATTLE, J. Willie I. Quertermous, insisting that the defendant, Ethel LaCotts, through whom her co-defendant and child, Ethelbert LaCotts, claims, was estopped from claiming any interest in the land in controversy, asked the court to declare the interest of the parties named in the land, and, in the event it found that the defendants had any interest, to partition it (land) between them according to their respective interests. The facts in the case are substantially as follows:

W. S. Quertermous died intestate in 1887, leaving Willie I. Quertermous, his widow, and Elizabeth Quertermous, Ethel LaCotts, born Quertermous, and W. S. Quertermous, Jr., his heirs him surviving. He died seized of two tracts of land in Arkansas County, in this State, one containing 480.50 acres, which for convenience we will call the "Wolfe Point land," and one containing twenty acres and lying near the town of DeWitt, which for convenience we will call the "20-acre tract."

All of this land, at the time of the death of the intestate, was wild and unimproved.

Mrs. Quertermous married B. F. Quertermous, the brother of her first husband. Being advised that she could take a child's part in the estate of her deceased husband, under section 2599 of Mansfield's Digest, instead of dower, she, on the second day of June, 1891, relinquished in legal form all her right, claim or possibility of dower in her first husband's estate, and elected a child's part. Pursuant to such statute, she then filed a petition in the Arkansas Probate Court, to which her children, Elizabeth, W. S., Jr., and Ethel, were made defendants, asking that she be given a child's part, or one-fourth interest, in the lands above described in fee simple. The petition was granted, and commissioners were appointed to set apart to her one-fourth interest or child's part in the two described tracts of land, there being no other property belonging to her deceased husband. They set apart to her the "20-acre tract" of land as her fourth part, and made report to the court accordingly, and it confirmed the report, and by order entered of record vested in plaintiff in fee simple the tract so set apart. The three children were parties to all these proceedings, and were represented by a guardian *ad litem.*

B. F. Quertermous, for his wife, the plaintiff, at once began the erection of a dwelling house and the other improvements on the tract set apart to her. In 1894 the Supreme Court of this State, in *Mack* v. *Johnson,* 59 Ark. 333, held that section 2599 of Mansfield's Digest was repealed by the Constitution of 1864. Many of the improvements had been made at the time of this decision. The three children, although minors, in consideration of their mother's relinquishment of dower, agreed with her, the plaintiff, that when they arrived of age they

would convey to her their respective interests in the twenty·acres assigned to her. In compliance with this agreement two of the children, Elizabeth Quertermous and W. S. Quertermous, Jr., severally conveyed their interests in the land to their mother as each arrived at majority. But Ethel, having eloped, married J. C. LaCotts, on the 3d day of December, 1898, against the will of her mother, when she was a few days over the age of seventeen years. On account of this marriage Ethel and her mother were for a time estranged; and her husband was deeply prejudiced against her. But Ethel had, nevertheless, expressed a willingness and desire to carry out her agreement after arriving at majority, but was prevented by the threats of her husband.

On the 23d day of October, 1900, the defendant, Ethelbert LaCotts, a child, was born to Ethel, and her husband, J. C. LaCotts, under a threat that he would take the child and carry it where she would never see it again, compelled his wife to convey by deed to the child whatever interest she had in the land. He got possession of the deed, by what means does not clearly appear. According to her testimony she never delivered it to any one for the child, and never saw it or had it in her possession after signing it, and never directed that it should be recorded. On the contrary, she repeatedly stated that, if she could find it, she would destroy it.

Since the commencement of this suit J. C. LaCotts has filed it for record.

On March 26, 1904, Mrs. W. I. Quertermous, having purchased the interest of her daughter, Elizabeth, in the "Wolf Point Land," joined with W. S. Quertermous and Ethel LaCotts, the remaining heirs of W. S. Quertermous and her children, and sold and conveyed the "Wolf Point land" to H. C. and G. O. Perry, for the price and sum of $3,920 in cash. Of this sum Mrs. Ethel LaCotts received one-third, less expenses of sale, which was $1,306. No deduction was made on account of dower. This was treated as relinquished according to the agreement with the children.

The court, after hearing the evidence in the case, and the argument of counsel, found that the deed executed by Mrs. LaCotts to her son Ethelbert was obtained by duress of her husband and never was delivered, and "for these and other reasons

disclosed by the evidence is void and of no effect"; and found that plaintiff was owner of the land in controversy, and that the defendants had no·interest therein; and cancelled the deed of Mrs. LaCotts to Ethelbert as a cloud upon her title. Defendants appealed.

Mrs. LaCotts, in demanding and accepting one-third of the proceeds of the sale of the "Wolf Point land" after she reached her majority, ratified the agreement she and her brother and sister made with their mother during her minority. The preponderance of the evidence shows that, before the sale of the "Wolf Point land", she knew of the agreement. She knew no dower had been assigned to her mother, and that the proceeds of the sale were divided according to the agreement. She was willing and desirous to convey her interest in the "twenty-acre tract" to her mother since she has been of age, but was prevented from so doing by her husband. She has been compelled by him through duress to execute the deed to her child, and doubtless is prevented from avoiding it by the same means. The evidence fails to establish a delivery of the deed. The husband, who secured it by duress, is in possession, but we find no evidence that it was delivered to him by the grantor for the grantee. The testimony of Mrs. LaCotts, in connection with the evidence which shows duress, proves that there was no delivery. The evidence sustains the findings of the chancellor in this respect. She, therefore, ratified the agreement with her mother after she reached her majority, is estopped from disputing her mother's title to the "twenty-acre tract", and her son, Ethelbert, takes nothing by her deed. See *Nanny* v. *Allen,* 77 Texas, 240; *Deford* v. *Mercer,* 24 Iowa, 118; *Handy* v. *Norman,* 51 Miss. 166; *Bull* v. *Sevier,* 88 Ky. 515; *22* Cyc. 549, and cases cited.

Decree affirmed.