## DUDGEON *v.* DUDGEON.

### Opinion delivered May 31, 1915.

1. WILLS—LOST ISTRUMENTS—PROOF OF CONTENTS.—Under Kirby's Digest, § 8062, chancery courts have jurisdiction to establish lost or destroyed wills, but it is not sufficient simply to establish the fact that there was a will, it is essential that the proof show its provisions.

2. FAMILY SETTLEMENTS—PROOF.—Courts will uphold family settlements, where the proof shows the same to have been made.

3. WILLS—DESTROYED INSTRUMENT—SETTLEMENT.—Where the proof shows that deceased died leaving a will, but that the same was later destroyed, the court will not give effect to an instrument sought to be established as deceased's will, without sufficient proof of the same, and in the face of proof of a family settlement.

Appeal from Clay Chancery Court, Western District; *Charles D. Frierson,* Chancellor; affirmed.

*C. T. Bloodworth,* for appellant.

1. The court ought to have sustained appellant's demurrer, interposed after the evidence was in, to the allegations of the answer as to the purported oral agreement to disregard the will. The effect of allowing this defense and the evidence to sustain it, is to convey the real estate of the decedent by an oral agreement. 55 Ark. 74. The further effect of it would be to say that appellant conveyed his share, or a part of his share in the real estate to his tenants in common by parol. A contract be-

tween tenants in common must be manifested by a writing duly signed. 44 Ark. 79.

2. All the testimony of Mrs. Amanda M. Dudgeon relative to the will should have been excluded, for the reason that one who voluntarily destroys a written instrument should not be allowed to offer parol testimony as to its contents. 9 Am. & Eng. Ann. Cases 481.

3. The finding of the chancellor was against the clear weight of the evidence. That the will was executed and properly witnessed is undisputed, and the terms of the will are established by evidence with sufficient clearness to bring this case within the rule laid down in *Nunn* v. *Lynch,* 73 Ark. 20. See, also, 2 So. 110; 72 Ark. 381. Where it is established that a will has been made, the presumption is against partial intestacy. 90 Ark. 155.

4. The plea of laches has no place in this case. Appellant could not be held to anticipate the action of his mother in destroying the will, and, so long as she lived, there was no particular need of probating the will, since all the real estate was given for her use and benefit during her life. There has been no change in the relation of the parties or the property. 33 Ark. 759; 83 Ark. 154; 100 Ark. 399; 101 Ark. 230; 40 Cyc. 1225.

5. The chancery court's jurisdiction extended only to the establishment of whatever will was made by the decedent, after which it should be probated. It had no power to try out the issue raised in defense that the will was void for failing to name three of his children. The validity of the will could only be contested by proceedings in the probate court. Kirby's Digest, § 8063; 40 Cyc. 1251; 31 Ark. 175.

*G. B. Oliver,* for appellees.

1. The burden of proof to establish the execution *and contents* of the will was upon appellant, and the evidence must be strong, cogent and convincing. Underhill on Wills, § 275, p. 375; 73 Ark. 20; Kirby's Digest, § 8065.

2. The will was void as to the heirs not mentioned in it. Kirby's Digest, § 8020.

3. An agreement by the devisees under a will to disregard the will and distribute the estate as in intestacy

is a valid defense to a suit to establish and probate the will.  Page on Wills, § 346; 40 Cyc. 2107-U; 40 S. W. 871.

SMITH, J.  This is an action to establish a destroyed will under section 8062 of Kirby's Digest, and was begun December 13, 1912.  Plaintiff alleged that Joseph Dudgeon, died testate March 14, 1902, and named as devisees his widow, Amanda Dudgeon, and their children, Bertha Hawks, Pearl Schnables, Ella Jellard, Arthur Dudgeon, and J. A. Dudgeon, who was the plaintiff below, and is appellant here.  That the said Joseph Dudgeon, by his will, disposed of all his property, which consisted of a livery stable in Corning, certain lots in that town and some lands near there, and that by the terms of the will the widow was to have the choice of a horse and buggy from the livery stable, and the remainder of the personal property was given to appellant and his sister, Pearl Schnables.  That the widow was given the rents and profits of all the real estate during her life, and that subject to this life estate there was devised to appellant in fee simple one-half of all the real estate, and the other half was devised to all the other children.  It was further alleged that the will was properly executed, and that upon the death of the testator the will was read in the presence of all the devisees, and was delivered into the custody of the widow, who kept it for some years, and then destroyed it without ever having probated it.

Appellant gave testimony supporting all the allegations of his complaint and offered evidence corroborating his own testimony.

It is undisputed that Mr. Dudgeon made a will, but the evidence does not support appellant's contention as to its provisions.

The evidence appears to establish the following facts: The will was read at a gathering at which all the children and the widow were present, and it was found that the will did not mention the names of Ella Jellard, Bertha Hawks and Arthur Dudgeon, and, indeed, made no disposition of the real estate.  All the children were of age at that time. Appellant testified that after the will was read, he left the room and was not present at the conference which

thereafter took place and was not a party to the agreement then made by those who remained. All the others testified, however, that it was then agreed by all the devisees that, inasmuch as the will did not dispose of the real estate and was void as to three of the children, the will should not be probated, and it was further agreed that the personal property willed to appellant and his sister, Mr. Schnables, should be turned over to the widow, and that she should have the rents and profits from the real estate during her life, in consideration for which she should assume and pay all the debts of her husband.

Appellant admits that he agreed for his mother to take the personal property and pay the debts, but denies that any agreement was made by which the will was not to be probated. But we must uphold the finding of the chancellor to the contrary. In determining what the parties agreed we are largely influenced by a consideration of what they have done. Mrs. Dudgeon testified that after keeping the will for a number of years, she was advised by her son Arthur that it was unnecessary to keep it any longer, and she destroyed it. Arthur is now dead, and died before the institution of this suit, but his children who survived him were made parties to the suit.

(1) The right to probate this will would not be defeated merely by the delay in the institution of this suit, although, with full knowledge of all the facts, appellant delayed over ten years in moving for that purpose. Yet this is a circumstance to be considered in determining what action the court should take. While it is admitted there was a will, appellant failed to prove its provisions. Section 8062 of Kirby's Digest gives chancery courts jurisdiction to establish lost or destroyed wills, but it is not sufficient simply to establish the fact that there was a will. It is just as essential that the proof show its provisions. Section 8065 of Kirby's Digest provides that no will shall be allowed to be proved as a lost or destroyed will unless, among other requirements, its provisions be clearly and distinctly proved by at least one witness, a correct copy or draft being equivalent to one witness.

. . Appellant makes no complaint as to the disposition of the personal property, and the purpose of this lawsuit is to establish his title to an undivided half-interest in the lands, subject to the life estate of his mother. He says the will gave his mother a life estate in the lands; but the other heirs testified that she has this interest by virtue of the family settlement made upon the death of the testator. According to both contentions, the widow has a life estate in these lands, although the parties differ as to the manner in which she acquired it. According to what we regard as the preponderance of the evidence in this case, the testator failed to mention the names of three of his children, and as to these he died intestate. Section 8020 of Kirby's Digest. It is true the names of the other two children are mentioned, the appellant being one of them; but the proof does not show the disposition of the real estate.

(2-3) Moreover, we think the agreement which the proof shows these parties entered into after the death of the testator was in the nature of a family settlement, and it is the fixed policy of courts to uphold such settlements where the proof shows them to have been made. There are cases which hold that an agreement between heirs and legatees that a will should not be probated, and that the property should be distributed as an intestate estate, is not contrary to public policy and that such agreement annuls the will. *Phillips* v. *Phillips,* 8 Watts 197; *Stringfellow* v. *Early,* 40 S. W. 871. This view of the law, however, is criticised in Page on Wills at section 346, in which the author says that the propriety of this view of the law is very doubtful, and that the better practice would be for the will to be probated and for the beneficiaries then to contract between themselves with reference to the property given them by the will, as they would with reference to property acquired in any other manner. But we are not called upon to choose between these conflicting views as to the rule that should be adopted as a matter of public policy for the reasons, to summarize, first, that the proof in this case shows only that there was a will, without showing, with the necessary certainty, what its provisions

were, and, second, because the agreement reached was in the nature of a family settlement.

Finding no error, the decree is affirmed.