SURSA v. WYNN.

Opinion delivered December 16, 1918.

EXECUTORS AND ADMINISTRATORS—SETTLEMENT OF ESTATE—CONTRACT BETWEEN HEIRS.—Where a decedent's widow and children were all of age, an agreement between them in settling the administration that each of them should bear an equal share of certain expenses of the estate was binding in the widow, though none of such expenses was chargeable against her dower.

Appeal from Clay Circuit Court, Western District; *R. H. Dudley,* Judge; affirmed.

### STATEMENT OF FACTS.

This is an appeal by the widow from a judgment of the circuit court affirming the judgment of the probate court in refusing to allow certain exceptions filed by her to the final account of the administrator of her deceased husband's estate. The material facts are as follows:

In September, 1915, W. R. Wynn died intestate in Clay County, Arkansas, leaving surviving him his widow, Ada Wynn and a son and daughter named, respectively, T. W. Wynn and Ardie Tipton. At the time of his death, W. R. Wynn owned about 1,950 acres of land in Clay County, and personal property of the value of about $25,000. His widow relinquished her right to administer upon his estate and by consent of all parties, his son, T. W. Wynn, was appointed administrator.

According to the testimony of his son, T. W. Wynn, W. R. Wynn had begun to erect a hay barn for the purpose of storing the hay grown by him for that year. After his death his widow and two children agreed that the erection of the barn should be finished for the purpose of storing the hay and that each would pay one-third of the cost thereof.

The Attorney General brought suit for the State of Arkansas against the widow and two children for the amount of the inheritance tax due by the estate of W. R. Wynn, deceased. By consent of all parties the amount of the inheritance tax was fixed at $802.30, and the widow and two children agreed to pay each, one-third thereof.

There were also ditch taxes due on the land in the sum of over $350 and the widow and two children agreed that each would pay one-third of them. They also agreed for the administrator to gather the crop and divide the proceeds equally between them. They also agreed that a tombstone should be purchased by the administrator and erected over the grave of the deceased husband and father and that the expense should be borne equally between them. The administrator paid the claims

which were probated against the estate and filed three accounts current. His final settlement was filed with the probate court on the 21st day of July, 1917. Attached to it is a receipt signed by Mrs. W. R. Wynn and sworn to before a notary public in which she stated that she had received in full the balance due her as dower in the personal property from the administrator of her deceased husband's estate. Since then she has re-married and is now Ada Sursa.

According to the testimony of Ada Sursa, she did not agree that one-third of the inheritance tax should be charged against her dower and did not agree to pay any part of the ditch taxes. She, also, denied agreeing that the hay barn should be completed and the cost thereof charged as expenses of administration. She denied that she had agreed to pay any part of the price of the tombstone, and also, testified that when she signed the release she did not know that the items embraced in the exceptions had been charged against her. Other facts will be stated or referred to in the opinion.

The probate court refused to allow any of the exceptions filed by the widow and upon appeal to the circuit court, that court refused to allow her exceptions and affirmed the judgment of the probate court. The case is here on appeal.

*C. T. Bloodworth, Jerry Mulloy* and *S. A. D. Eaton,* for appellant.

1. The court erred in refusing to allow the widow's exceptions to the account current. The undisputed evidence shows that the personal estate of W. R. Wynn, which came to the hands of appellee was of the value of $29,833. She was entitled to one-third of this absolutely and her rights were paramount to those of the heirs or creditors, and without regard to decedent's debts or expenses of administration. Kirby's Digest, § 2708; 5 Ark. 608. The value of one-third is $9,944.33. This she was entitled to and to $300 under § 3, Kirby's Digest and $150 under § 74 *Id.,* making a total of $10,394.33

due her. 102 Ark. 322. She has only received $7,654.04 and there is due her $2,730.29.

2. The claim for *pro rata* part of expenses of administration and inheritance tax is unfounded and untenable. Acts 1913, p. 825; 5 Ark. 618; 53 *Id.* 255.

3. Appellant is not estopped by her receipt. Appellee was a trustee of appellant in said estate. 8 Ark. 9; 52 *Id.* 1; 78 *Id.* 114; 84 *Id.* 554. She relied on the statements made to her by appellee when she executed it. A fraud was thus perpetrated on appellant. 39 Cyc. 300; 14 S. W. 593; 99 *Id.* 254; 52 Ark. 1; 78 *Id.* 114; 84 *Id.* 554; 128 S. W. 855.

4. Appellee has totally failed to charge himself in his settlements with the sums of $2,457.50, $386.99 and $2,160.09, making a total of $5,004.58. Appellant was "tricked" by appellee into signing the receipt and her exceptions should have been allowed.

*J. L. Taylor* and *G. B. Oliver,* for appellee.

1. The widow was only entitled to one-third out of each kind of personal property of which her husband died seized. 102 Ark. 325. She has received all she was entitled to as the court found. She was chargeable with one-third of the expense of cutting and saving the hay and crops and collecting the notes and accounts, etc., and the work on the barn. By agreement she was to pay one-third of the tombstone.

2. She agreed to pay one-third of all these and her part of the inheritance tax. She is bound by her agreement and her receipt in full, no fraud being shown.

3. The findings of the court below have the same weight as the verdict of a jury and should not be disturbed. 125 Ark. 136; 123 *Id.* 428; 104 *Id.* 154; 100 *Id.* 166; 96 *Id.* 606.

4. She voluntarily paid her part of the inheritance tax even if not liable. If a mistake it was one of *law,* not of fact. Fetter on Equity, p. 118, § 79; 16 Cyc. 73. But this is a suit at law and money paid under mistake of law cannot be recovered back. Pomeroy Eq. Jur. § 851; 92 Ark. 306; 46 *Id.* 157; 86 *Id.* 175; 102 *Id.* 152; 110 *Id.* 303.

5. She was liable for her part of the taxes and ditch taxes as they were a lien. She has received one-third of the land personalty plus $450 allowed her under § § 3 and 7 of Kirby's Digest, and plus the household and kitchen furniture under § 72. Altogether she has received more than she was entitled to.

HART, J., (after stating the facts). The administrator charged himself with the value of the estate at $19,696.65, as shown by the inventory. Subsequently he charged himself with an additional amount of $5,109.54. This consisted of the value of the crops and rents for the year 1915.

It is claimed by counsel for appellant that the court erred in not charging the administrator with an additional amount of over $5,000. We do not think the court erred in this respect. From a careful examination of the record we are of the opinion that this item is included in the item of $19,696.65. The administrator in his inventory charges himself with accounts and notes belonging to the estate,, cash on hand and in banks at the time of decedent's death, and cash received from a life insurance company. Again he charges himself with the value of the mules, plow tools, wagons and other farming implements on hand at the time of decedent's death. Then on a separate page appear more items of accounts and notes due decedent. All of these items added together make up the item of $19,696.65. In addition to this the administrator charged himself with the value of the crops gathered by him and the rents collected by him for the year 1915. Therefore the administrator charged himself with all the property belonging to the estate and there is no error in his account in this respect.

It is next insisted that the widow was not chargeable with the payment of any part of the inheritance tax and that the court erred in allowing one-third of that to be charged against her in allotting her dower in the personal estate.

Counsel for appellant, also, claim that the cost of the tombstone should have been allowed as funeral expenses

and that no part of it should have been charged against her dower interest. Again counsel for appellant claim that it was error to allow the cost of completing the barn as part of the expenses of administration, and counsel for the appellant also insist that no part of the ditch taxes should have been charged against her dower interest. It may be assumed that counsel are correct in their contention of law with regard to all these items and still the probate court was right in refusing to allow the exceptions of the widow as to them. It will be remembered that when W. R. Wynn died he left surviving him his widow, Ada Wynn, now Ada Sursa, and his son, T. W. Wynn, and his daughter, Ardie Tipton. All of these parties were adults and capable of contracting with each other with regard to the estate.

According to the testimony of the administrator, they agreed that in the settlement of the estate they would share equally in paying the inheritance tax, the ditch taxes, and the cost of erecting a tombstone over the grave of their intestate. This they had a right to do and the agreement made by them was a valid and binding agreement. There were but few creditors of the estate and the debts against the estate were small when compared with the value of the estate. The personal property of the estate was largely in excess of its indebtedness. The widow and heirs were adults and under Section 15 of Kirby's Digest, could have agreed that no administration be had. In any event the agreement between the parties that they would share equally in the expenses in the matters above stated constituted a binding agreement between them. It is true that appellant denied that she had made any such agreement with the administrator, but her testimony only raised a conflict with that of the administrator and the trial court has settled that conflict in behalf of the latter and under the settled rules of this court it cannot be disturbed on appeal. Therefore the court did not err in refusing to allow the exceptions of the widow to the account current of the administrator.

It follows that the judgment will be affirmed.