BARNETT *v.* BARNETT.

4-5753 135 S. W. 2d 828

Opinion delivered January 22, 1940.

*McKay, McKay & Anderson,* for appellant. .

*Wilson & Wilson* and *Cheatham & Stevens,* for appellee.

HOLT, J. Appellant, Frances Barnett, brought suit in the Columbia chancery court, first division, to establish and secure her property rights in the estate of her deceased husband, L. F. Barnett.

Appellees are the children of the deceased, L. F. Barnett, and they, together with their wives and the administrator of the estate, were the defendants below.

Appellant alleged in her complaint that about ten days before her marriage to L. F. Barnett on October 28, 1931, she advanced to him $550 in cash with which, together with $300 of his own money, he purchased 60 acres of land in Columbia county, Arkansas, taking title in his own name; that it was understood and agreed between them that after their marriage he was to execute to appellant a warranty deed to this 60-acre tract, but that during the more than four years of their married life prior to the death of her husband on January 7, 1936, he neglected to execute the deed to her as promised.

She further alleged that after their marriage they moved upon the land and occupied it as a homestead until her husband died, and while they occupied this property she made improvements out of her own money to the extent of $750 in addition to the sum advanced on the purchase price; and that her husband at the time of his death held title to the property in trust for her; and that she was entitled to have the title vested in her.

She prayed for judgment against appellees, "divesting the title to the above-described property free from any dower or homestead rights of the wives out of said defendants and investing said title in her, and for her cost and all other proper and equitable relief."

Appellees answered and defended on the ground that shortly after the death of their father, L. F. Barnett, they entered into a family settlement or agreement with

appellant whereby they agreed to convey to appellant the 60-acre tract of land in question by warranty deed and further to turn over to her one-sixth of the personal property left in the estate of their father, and that appellant agreed to this settlement and to accept same in full settlement of her interest in the estate.

The learned chancellor, after hearing and considering all of the testimony introduced in the trial of the cause, without making any findings of fact, dismissed appellant's complaint for want of equity.

It is conceded by the parties here, however, that the ground on which the chancellor dismissed appellant's complaint was that, in his opinion, appellant had entered into a family settlement with appellees as claimed by them and was bound thereby.

After a careful review of the entire record, as presented here, we have reached the conclusion that the chancellor's finding is not against a preponderance of the testimony.

While there was much testimony produced at the trial on this question of family settlement, by both the appellant and the appellees, we refrain from setting it out for the reason that we think it could serve no useful purpose as a precedent or for any other reason.

It is the general rule, and the law in this state, that family settlements, of the character entered into between the widow and the heirs of the deceased in this case are favored and should be encouraged where no fraud or imposition was practiced.

In *Martin* v. *Martin*, 98 Ark. 93, 135 S. W. 348, this court, in considering the question of enforcement of family settlements, said: ''Courts of equity have uniformly upheld and sustained family arrangements in reference to property where no fraud or imposition was practiced. The motive in such cases is to preserve the peace and harmony of families. The consideration of the transaction and the strict legal rights of the parties are not closely scrutinized in such settlements, but equity is anxious to encourage and enforce them. As is said in

the case of *Pate* v. *Johnson*, 15 Ark. 275: 'Amicable and family settlements are to be encouraged, and when fairly made . . . strong reasons must exist to warrant interference on the part of a court of equity.' *Turner* v. *Davis*, 41 Ark. 270; *Mooney* v. *Rowland*, 64 Ark. 19, 40 S. W. 259; *LaCotts* v. *Quertermous*, 84 Ark. 610, 107 S. W. 167.''

See also *Giers* v. *Hudson*, 102 Ark. 232, 143 S. W. 916; *Ellison* v. *Smith*, 107 Ark. 614, 156 S. W. 417, and *Hollowoa* v. *Buck*, 174 Ark. 497, 296 S. W. 74.

There was no fraud or imposition alleged or practiced in the instant case.

No error appearing, the decree of the chancellor is affirmed.