RANDALL v. KIMBALL.

4-7085                                    172 S. W. 2d 22

Opinion delivered June 7, 1943.

*J. B. Milham, Walter L. Pope* and *Madrid B. Loftin,* for appellant.

*McKay & McKay,* for appellee.

McFADDIN, J. Appellants as the heirs at law of Jerry Randall, deceased, filed this suit to recover an undivided half interest in 220 acres of land in Columbia county, and from an adverse decision have prosecuted this appeal.

The common source of title of appellants and appellees was Berry Randall (the grandfather of appellants), who died in Columbia county in 1903 owning over

500 acres of land and also personal property. He left a will bequeathing: (1) To his wife, Hannah Randall, the home place of 220 acres (which is the land here involved), and also enough of the other lands and personal property to give her one-half of the entire estate. (2) To an illegitimate son, Gus Randall, 60 acres of the land. (3) To Andrew J. Randall (whose relation to the deceased is not shown) $500. (4) To residuary legatees, (a) Gus Randall (his illegitimate son), (b) Dora Cooper (a legitimate daughter), (c) Pinky Love (a grandson), and (d) Gussie Roach (a niece). Andrew J. Randall, named as executor, qualified and took charge of the properties, and in 1904 sold 241 acres of the land (not here involved) "so that the proceeds might be divided between the beneficiaries."

In June, 1905, Jerry Randall filed a petition in the probate court seeking his interest in the estate and claiming to be a pretermitted legitimate son of the deceased, Berry Randall. The probate court found and adjudged that Jerry Randall and Dora Cooper were the only two legitimate children of Berry Randall, and that Jerry Randall was a pretermitted child, and was entitled to his interest in the estate; and the order declared: "It is therefore adjudged, ordered and decreed that said plaintiff recover of the executor, the devisees and legatees of the said Berry Randall one-half of said estate, subject to dower of Hannah Randall, in proportion to the amount of their respective shares under said will, and that this judgment be an amendment and portion of said last will and testament and that said executor make distribution of said estate in accordance with this judgment." In this probate proceeding, the parties defendant were the executor, and the widow, Hannah Randall, and all the beneficiaries under the will. A. J. Randall, as executor, was the only defendant who prosecuted an appeal to the circuit court, where the order of the probate court was in all things affirmed in 1906.

In December, 1907, the executor applied to the probate court for authority to make the deed to Hannah Randall for the 220 acres of land constituting the home place specifically bequeathed to her under the will, and

also for authority to convey to Gus Randall the 60 acres of land specifically bequeathed to him under the will. This authority was granted and the deeds were duly executed; and the deed to Hannah Randall, after containing the recitals as to the death of Berry Randall, his will, and the order of the probate court to make the deed, further stated: "Now, therefore, the said Andrew J. Randall, as executor of the estate of Berry Randall, deceased, for and in consideration of the premises aforesaid, does hereby grant, bequeath, sell and convey unto the said Hannah Randall and unto her heirs and assigns forever all the right, title and interest that the said Berry Randall had in and to the following described lands lying in Columbia county, Arkansas, to-wit: (describing the 220 acres of land here involved). The deed was duly executed, acknowledged and delivered.

In February, 1908, Andrew J. Randall filed his final settlement in the probate court, in which the following appears: "He asks credits as follows: By amount paid to Jerry Randall in settlement of his portion of the estate, $1,000; by amount paid Dora Cooper in settlement of her portion of the estate, $175."

Like amounts were given to each of the other residuary legatees, and then after listing taxes and court costs, the settlement showed: "Balance paid to Hannah Randall in settlement of her portion of the estate, $382.50. He attaches vouchers for the credits he asks and respectfully asks the court to confirm this settlement and that he be discharged."

The estate was closed. In 1911, Jerry Randall departed this life intestate, and the appellants herein are his sole and only heirs. Hannah Randall continued to occupy and possess the 220 acres of land here involved until her death in 1937, and she left a will devising this land to certain parties, who are the defendants herein.

After the death of Hannah Randall, the appellants filed this suit, claiming that Jerry Randall, as a pretermitted child, was entitled to half of the 220 acres of land, and that Hannah Randall only held this land for her life and that this suit was filed in apt time after her

death in 1938. The plaintiffs also sought $300 as rent. The defendants resisted plaintiffs' claim, contending: (1) That Hannah Randall owned the land in fee; (2) that Jerry Randall had compromised and settled his claim when he received the $1,000, and (3) limitations.

It would be interesting to discuss the rights of a pretermitted child and whether the child's remedy under the statute is exclusive or whether the child has the right to the land in kind. But we find it unnecessary to go into these matters because we think the defendants' plea of settlement should be sustained; and that is determinative of this case.

The attorney who represented Hannah Randall and Andrew J. Randall, the executor, in the proceedings prosecuted by Jerry Randall in 1905 testified in the present case: That after the circuit court made the order in favor of Jerry Randall, the said Jerry Randall and his attorney, Honorable W. H. Askew, proposed, to the attorney for Hannah Randall and Andrew J. Randall, to accept the sum of $1,000 in full and complete settlement of all interest of Jerry Randall in the estate of his father, Berry Randall; and that this amount was paid; and that Jerry Randall executed a proper receipt and release and never made any further claim to the 220 acres of land in this case or any other part of the estate of Berry Randall. Both Berry Randall and Honorable W. H. Askew are dead, and many of the files and papers in the administration of Berry Randall's estate are missing. The vouchers and receipts were not attached to the final report of the executor when this present case came on for trial. But it must be remembered that the estate was closed in 1908, and this present suit was not filed until 1939, so no reflection can attach to any particular person because of the fact that some of the papers are missing after all these years. The point is, that the testimony of the attorney who handled the settlement in 1907 was competent and is supported and substantiated by many facts in the record, a few of which are:

1. After said settlement, the executor applied to the probate court and obtained authority and made the

deed to Hannah Randall on the 220 acres of land here involved,

2. This deed contained the words set out by the statute (§ 1795 of Pope's Digest) whereby the grantor expressly covenanted that he was seized of an indefeasible estate in fee simple; and the deed further specifically recited that it conveyed all the interest of Berry Randall, deceased, in the said lands.

3. Hannah Randall devised the 220 acres of land here involved (specifically described by government calls) to some of the appellees. This was entirely inconsistent with any idea of Hannah Randall having any interest less than the full fee simple title.

4. There is the recital in the final settlement of the executor that there was paid to Jerry Randall the sum of $1,000 "in settlement of his portion of the estate."

The settlement made by Jerry Randall was in the nature of a family settlement of the estate and within the purview of the rule that the law looks with favor on family compromises or agreements for the settlement of estates, and where no rights of creditors intervene, such agreements, if free from fraud, are upheld and enforced by the courts. Our court has many times so declared. *Pate* v. *Johnson,* 15 Ark. 275; *Mooney* v. *Rowland,* 64 Ark. 19, 40 S. W. 259; *LaCotts* v. *Quertermous,* 84 Ark. 610, 107 S. W. 167; *Felton* v. *Brown,* 102 Ark. 658, 145 S. W. 552; *Sursa* v. *Wynn,* 137 Ark. 117, 207 S. W. 209; *Edwards* v. *Swilley,* 196 Ark. 633, 118 S. W. 2d 584; *Dudgeon* v. *Dudgeon,* 119 Ark. 128, 177 S. W. 402; *Stark* v. *Stark,* 201 Ark. 133, 143 S. W. 2d 875; *Shell* v. *Sheets,* 202 Ark. 708, 152 S. W. 2d 301. See, also, Annotations in 6 A. L. R. 555, and 38 A. L. R. 759.

It is true that there was conflicting evidence disputing the settlement and showing statements by Hannah Randall in derogation of her title. But after a full review of the entire case, we are unable to say that the finding of the chancellor is against the preponderance of the evidence.

Therefore the decree is affirmed.